Honorable Marsha J Pechman

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| RAHN D. JACKSON, et al, <br><br> Plaintiffs, <br><br> v. <br><br> MICROSOFT CORPORATION, <br><br> Defendant. | CASE NO. C01-775P <br><br> **JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to this Court's Order regarding Initial Disclosures, Joint Status Report, and Early Settlement dated June 13, 2001, the parties have conferred and provide this Court with the following Joint Status Report and Discovery Plan. The following information corresponds by paragraph numbers to the Order

1   **Nature and Complexity of the Case**

Plaintiffs, who are six former employees and one current employee of Microsoft Corporation ("Microsoft" or "the Company"), bring this class action to challenge an alleged pattern and practice of race discrimination and retaliation and other

JOINT STATUS REPORT AND DISCOVERY PLAN   -1-   PAUL, HASTINGS, JANOFSKY & WALKER LLP
555 South Flower Street, Suite 2300
Los Angeles, California 90071-2371
Telephone  (213) 683-6000
Facsimile  (213) 627-0705

discriminatory treatment of African-American employees of Microsoft Corporation (Plaintiff Derrick Washington is deceased ) The Plaintiffs allege that the employment policies and practices of Microsoft have the effect and have been undertaken with the purpose of denying promotional opportunities and equal compensation to qualified African-American employees in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S C. §2000(e), the Civil Rights Act of 1991, 42 U.S.C. §1981a, and the Civil Rights Act of 1871, 42 U S.C §1981.

Microsoft denies discrimination against the named Plaintiffs and against any group or class of individuals  It submits that there is no basis for certification of a class and that this case should be consolidated for all proceedings through the class certification phase of the litigation with <u>Monique Donaldson, et al v Microsoft</u>, C00-1684, pursuant to and to the extent set forth in the Court's Order of Consolidation filed March 7, 2001.

2.  **Appropriate Form of ADR**

Arbitration is not appropriate for this matter.  Direct settlement negotiations and mediation may be appropriate after the parties have had the opportunity to take discovery.

3.  **Timing of Mediation**

Plaintiffs would like mediation after the Plaintiffs' depositions and before the Court's ruling on class certification.

Microsoft submits that any mediation of this case should be consolidated with the <u>Donaldson</u> case mediation that will follow the Court's ruling on the motion for class certification

4.  **Proposed Deadline for Joining Additional Parties**

No additional named plaintiffs or defendants will be added.

5. **Proposed Discovery Plan**

a. The FRCP 26(f) Conference took place on June 21, 2001. Initial disclosures under FRCP 26(a) were waived pursuant to stipulation filed with the United States District Court for the District of Columbia on or about August 25, 2000 in the parties' Joint L.Cv R. 16 3 Meet and Confer Report.

b. Discovery is required by Plaintiffs on the issue of whether Microsoft discriminated against Plaintiffs and members of the African-American class in evaluations, promotion, compensation and other treatment or engaged in retaliation.

Discovery is required by Microsoft on the claims of Plaintiffs and those they purport to represent as well as their purported damages and Microsoft's defenses

Plaintiffs do not believe that discovery should be conducted in phases Microsoft believes that discovery on class issues should be concluded first and propose a cut-off date of August 31, 2001 for such purposes because the time for filing a motion to certify the class has long-since passed.

c. The parties do not believe that depositions should automatically be limited to seven (7) hours. No other changes in limitations under the Federal and Local Civil Rules are anticipated at this time

d. In order to minimize expense, the parties agree that identical duplicate documents need not be produced Duplicate emails need not be produced from every recipient as long as all recipients, including copied and blind-copied recipients, are shown on the face of the email. In addition, the parties will meet and confer to resolve disputes to the extent practicable without the need for court intervention.

e. The parties are not requesting any other order under FRCP 26(c) or Local Rule CR 16(b) and (c) at this time.

f. The depositions of the named Plaintiffs were set to correspond to the availability of their counsel as follows:

- Tanya Barbour: July 5 (partial day) at Paul, Hastings in Washington, D.C.; July 24 session off calendar pending her promptly filing a motion to dismiss her claims;

- Jozette Joyner: July 6 at Paul, Hastings in Washington, D.C.; July 25 session off calendar at her request and to be rescheduled;

- Derrick Washington: July 12 and 13 at Paul, Hastings in Washington, D.C.; Mr. Washington did not appear because he did not receive notice and has since passed away;

- Rahn Jackson: July 26 and 27, commencing at 8 a.m. at his counsel's request, at Paul, Hastings in Washington, D.C.;

- James Pipkins: July 30 and 31 at Preston, Gates in Seattle

- Pamela Odom: August 1 at Preston, Gates in Seattle.

- Chima Echeuruo: August 2 and 3 at Preston, Gates in Seattle

It is expressly understood that Mr. Oscar Desper and his law firm are not responsible for defending or participating in any of these depositions

6. **Discovery Cut-off**

The Plaintiffs submit that discovery can be completed by February 28, 2002. This deadline is not dependent on any rulings on class certification because the Plaintiffs oppose bifurcating discovery on class certification and the merits. The Plaintiffs' position is that discovery should not be bifurcated because it is inefficient and will lead to unnecessary discovery disputes.

Microsoft believes that discovery on class issues should be concluded first and proposes a cut-off date of August 31, 2001 for such purposes because the time for

1 filing a motion to certify the class has long-since passed. Microsoft proposes a discovery
2 cutoff date of October 31, 2001 for all other issues, which is consistent with the discovery
3 cutoff in the <u>Donaldson</u> case. Microsoft notes that this <u>Jackson</u> case, filed in June, 2000,
4 has been pending longer than <u>Donaldson</u>, filed in October 2000.

  7 **Magistrate**

The parties do not consent to referring the case to a full-time magistrate judge pursuant to 28 U.S.C. § 636(c) and Local Rule MJR 13.

  8 **Bifurcating Trial**

The parties submit that any decisions about bifurcation of the trial should await a ruling by the Court on any motion for class certification because it will impact the issues to be tried and their scope. If the Plaintiffs were entitled to a jury trial, it is Microsoft's position that the same jury must hear both liability and damages

  9 **Pretrial Statements and Order**

The parties believe that the pretrial statements and pretrial order called for by Local Rules 16(e), (h), (i) and (1), and 16 1 should apply to this case

  10 **Suggestions for Shortening Case**

Plaintiffs suggest mediation may shorten this case

  11 **Date of Trial**

Plaintiffs will be ready for trial before April 1, 2002. The parties request that the Court order the parties to meet and submit a further status report with a proposed trial date after the Court rules on the consolidation of this case with the <u>Donaldson</u> case and any motion for class certification.

  12. **Jury Trial**

Plaintiffs request a jury trial.

JOINT STATUS REPORT AND DISCOVERY PLAN    -5-    PAUL HASTINGS, JANOFSKY & WALKER LLP
555 South Flower Street, Suite 2300
Los Angeles, California 90071-2371
Telephone (213) 683-6000
Facsimile (213) 627-0705

13     **Number of Trial Days Required**

The parties submit that it is not possible to give a realistic trial estimate before the Court rules on any motion for class certification. Microsoft requests that the Court order the parties to meet and submit a further status report with a proposed trial estimate after the Court rules on any motion for class certification because it will impact the scope of the trial.

14     **Trial Counsel**

Expected trial counsel identified at this time are as follows:

<u>Trial Counsel for Plaintiffs</u>

Willie E. Gary
Maria Sperando
Tricia P. Hoffler
Gary, Williams, Parenti, Finney, Lewis McManus, Watson & Sperando
Waterside Professional Building
221 East Osceola
Stuart, Florida 34994
(561) 283-8260

Roy J. Bucholz
Bucholtz & Culbertson, P.C.
1801 Reston Parkway, Suite 302
Reston, Virginia 20190
(703) 471-9660

Oscar E. Desper III
Harrell, Desper, Connell, Hunter & Gautschi, PLLC
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
(206) 583-0050

<u>Trial Counsel for Defendant</u>.

Kirk A. Dublin
Preston Gates Ellis, LLP
701 Fifth Avenue, Suite 5000
Seattle, WA 98104-7078
(206) 623-7580

```
Nancy L. Abell
Patricia M. Berry
Paul, Hastings, Janofsky & Walker, LLP, 23rd Floor
555 South Flower Street
Los Angeles, CA  90071-2371
(213) 683-6000

Barbara B. Brown
Neal Mollen
Paul, Hastings, Janofsky & Walker, LLP
1299 Pennsylvania Avenue, N W , 10th Floor
Washington, D.C.  20004
(202) 508-9500

William Murphy, Jr
William H. Murphy, III
William H. Murphy, Jr & Associates
12 West Madison Street
Baltimore, Maryland  21201
(410) 539-6500
```

15. **Service**

All parties have been served and have participated in the FRCP 26(f) Conference

16. **Scheduling Conference**

Microsoft requests a telephonic scheduling conference to discuss item 17 below

17. **Consolidation with <u>Donaldson</u>**

Plaintiffs oppose consolidation with <u>Donaldson</u> because Plaintiffs here seek to represent only African-Americans whereas Plaintiff Donaldson also seeks to represent women.

Microsoft submits that the <u>Donaldson</u> and <u>Jackson</u> cases must be consolidated for all proceedings through the class certification phase of the litigation  All issues raised in the <u>Jackson</u> case are also raised in the <u>Donaldson</u> case  The <u>Donaldson</u> class action was filed on October 4, 2000. At that time, Rahn Jackson's individual case was pending. The <u>Jackson</u> case did not seek to represent any class until January 2001,

after discovery in the <u>Donaldson</u> class action was well under way. Microsoft should not be required to duplicate the enormous expense of the <u>Donaldson</u> class discovery that already has covered the same issues, nor should the Court and Microsoft be required to twice consider whether an African-American class should be certified. Microsoft further notes that the United States District Court for the District of Columbia has already dismissed claims predating 1997 in the <u>Jackson</u> case as they are barred by the limitations period and that the <u>Donaldson</u> limitation's period on the Section 1981 race claim commences three months earlier than the <u>Jackson</u> limitations period. Thus, no class interest is secured by maintaining the <u>Jackson</u> class separately.

| | | |
|---|---|---|
| 1 | DATED: July 25, 2001 | Respectfully submitted, |
| 2 | | |
| 3 | | |
| 4 | | Nancy L. Abell |
| 5 | | Appearing Pro Hac Vice |
| | | Paul, Hastings, Janofsky & Walker LLP |
| 6 | | 555 South Flower Street, 23rd Floor |
| | | Los Angeles, CA 90071-2371 |
| 7 | | Phone (213) 683-6162 |
| | | Fax (213) 627-0705 |
| 8 | | |
| 9 | | |
| 10 | | Kirk A. Dublin, WA State Bar # 05980 |
| | | Preston Gates Ellis, LLP |
| 11 | | 701 Fifth Avenue, Suite 5000 |
| 12 | | Seattle, WA 98104-7078 |
| | | Phone. (206) 623-7580 |
| 13 | | Fax: (206) 623-7022 |
| 14 | | |
| | | Barbara B. Brown |
| 15 | | Appearing Pro Hac Vice |
| | | Paul, Hastings, Janofsky & Walker LLP |
| 16 | | 1299 Pennsylvania Avenue, N.W , 10th Floor |
| 17 | | Washington, D C 20004 |
| | | Phone (202) 508-9551 |
| 18 | | Fax: (202) 508-9700 |
| 19 | | |
| | | William Murphy, Jr |
| 20 | | William H Murphy, III |
| | | William H. Murphy, Jr & Associates |
| 21 | | 12 West Madison Street |
| 22 | | Baltimore, Maryland 21201 |
| | | Phone: (410) 539-6500 |
| 23 | | Fax: (410) 539-6599 |
| 24 | | |
| | | *Counsel of Defendant* |
| 25 | | |
| 26 | | |

| | | |
|---|---|---|
| 1 | DATED. July 25, 2001 | Respectfully submitted, |

*Oscar E. Desper by KH*

Oscar E. Desper III, WA State Bar #18012
Harrell, Desper, Connell, Hunter & Gautschi, PLLC
600 Puget Sound Plaza
1325 Fourth Avenue
Seattle, Washington 98101
Phone:  (206) 583-0050
Fax    (206) 583-0051

*Counsel for Plaintiffs*