FILED ___ ENTERED
LODGED ___ RECEIVED

OCT - 4 2001

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RAHN D. JACKSON, et al.,

    Plaintiffs,

v.

MICROSOFT CORP.,

    Defendant.

CASE NO. C01-775P

ORDER REQUIRING THE FILING OF INDIVIDUAL COMPLAINTS

This matter involves a proposed class action by a group of African-American employees of Defendant Microsoft Corporation ("Microsoft"). This matter was transferred to the Western District of Washington as related to another pending action against Microsoft, <u>Donaldson et al. v. Microsoft</u>, C00-1684P. <u>Jackson et al.</u>, Dkt. No. 43. By prior Order in the <u>Donaldson</u> case, the Court had indicated that all cases transferred to the Court as substantively related to <u>Donaldson</u> would be considered for possible consolidation with the <u>Donaldson</u> matter. <u>Donaldson et al.</u>, Dkt. No. 34.

The Court has received a status report from the <u>Jackson</u> plaintiffs. <u>Jackson et al.</u>, Dkt. No. 87. Upon review of that document, it appears that the <u>Jackson</u> plaintiffs do not wish to move for class certification. Moreover, it appears that each of the <u>Jackson</u> plaintiffs wish to pursue his or her claims individually, rather than joining the proposed <u>Donaldson</u> class. <u>Id.</u> In light of this information, the Court finds and ORDERS as follows:

1.     The <u>Jackson</u> matter will not be consolidated with the <u>Donaldson</u> matter.

ORDER REQUIRING THE FILING OF INDIVIDUAL COMPLAINTS- 1

105

2. Plaintiffs Pamela Odom and Chima Echeruo shall individually file complaints with the Court in order to initiate whatever litigation they chose to pursue. These complaints shall be filed within ten days of this Order. Each of these cases will be assigned its own cause number by the clerk of the Court, and all future filings shall be made under the appropriate individual's cause number.

3. Plaintiff James Pipkins has written to the Court, indicating that he has terminated the firm of Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando, effective September 25, 2001. The Court will not accept ex parte communications. Accordingly, all materials received from Mr. Pipkins are attached to this Order and are to be distributed to all parties. Within thirty days of the date of this Order, Mr. Pipkins is to notify the Court whether he wishes to join the Donaldson class. If Mr. Pipkins wishes to pursue his claims individually, he must file a complaint within the thirty day period. In light of the notice of appearance filed on September 10, 2001 (Dkt. No. 85), the Court presumes that attorney Rob Williamson continues to have an attorney-client relationship with Mr. Pipkins.

4. There are currently motions pending before the Court which could effect the status of Plaintiffs Jackson, Washington, Barbour, and Joiner. See Jackson et al., Dkt. Nos. 65, 71, 98. The Court will rule upon these motions in forthcoming Orders. Any of these plaintiffs whose claims are not dismissed or transferred pursuant to the Court's forthcoming rulings and who still wish to pursue this litigation shall file individual complaints with the Court. Individual complaints must be filed within ten days of the resolution of all outstanding motions affecting the status of any particular plaintiff's claims. Any of these plaintiffs choosing to pursue their claims in this forum will also be assigned an individual cause number by the clerk of the Court.

5. Any and all individual complaints filed pursuant to this Order will be assigned to Judge Pechman as related to one another.

The clerk of the Court is directed to distribute a copy of this Order to all counsel of record on this matter, as well as to all counsel of record in the matter of <u>Donaldson et al. v. Microsoft</u>, cause number 00-1684P, and to Mr. James Pipkins at 4039 145th Ave. N.E., Bellevue, WA 98007.

Dated this __4__ day of __Oct.__, 2001.

Marsha J. Pechman
United States District Judge

ORDER REQUIRING THE FILING OF INDIVIDUAL COMPLAINTS- 3

4039 145TH Ave. NE
Bellevue, WA 98007

September 30, 2001

FILED _____ ENTERED
_____ LODGED _____ RECEIVED

OCT - 4 2001

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY _____ DEPUTY

Reference: C01-775, C00-1684

Honorable Marsha J. Pechman
1010 Fifth Avenue
Seattle, WA 98104

Dear Judge Pechman,

I hope writing you directly is not improper. I contacted Julie Goldsmith of Cohen, Milstein, Hausfeld & Toll as I was told by the Willie Gary firm that they are the lead attorneys in the consolidated Donaldson/Jackson case. However, Julie informed me that she could not talk to me, as the cases were not joined.

I was forced to fire the Gary firm as my attorneys after receiving a threat from Laura Mall who is a member of their team. The threat occurred during a conversation on 19 September 2001. I sent the termination notice on 25 September 2001 and have enclosed a copy[1].

On July 11 2001, I received a phone call from Laura Mall stating that the firm was dropping all the Washington clients because the case had been transferred to Washington state and that Cohen, Milstein, et al. were appointed the lead attorneys. She said Mr. Gary did not take cases where he was not the lead attorney. When questioned, she said there would be no further explanation and that I would receive a follow-up letter stating the same. She gave me the name of an attorney that she said would be willing to take the case. The attorney was Oscar Desper.

I did not contact Mr. Desper. Instead I wrote the Gary firm a letter demanding that they fulfill our contract. I have enclosed a copy of this letter dated 19 Jul 2001[2].

Several days after I received the 11 July call from Laura Mall, I received a call from Pamela Odem, one of the plaintiffs in the Jackson case. She told me that she was angry, as she had received a call from the Gary firm indicating that all the Washington plaintiffs were being dropped because Mr. Gary was not going to be the lead attorney. She said she had also spoken with Chima Echeruo, another Washington based plaintiff. We decided to meet at my home to discuss what we should do.

We discovered that we had all received multiple calls from Laura Mall urging us to agree to take Oscar Desper as our new attorney. Pam Odem had actually gone to see him. During the conversation about what occurred at Mr. Desper's office, Pam had mentioned that he was bragging about how strong a case we had and he had showed her a document of salaries of Microsoft employees. Pam said Mr. Desper told her not to let anyone know about the document.

I thought nothing of this event at the time. However, on 4 Sept. 2001, I sent a letter[3] of complaint to Mr. Gary regarding the handling of my case. Among other things, I demanded information on what was going on with my case. The result was that I and the other Washington plaintiffs were sent a packet containing a selected number of the documents that have been filed in our case. One of the documents was a motion to dismiss against Rahn Jackson. On reading this motion, I remembered the document Pam was shown at Oscar Desper's office. I realized that this might be information obtained from Rahn Jackson and passed on to Mr. Desper by the Gary firm.

---

[1] Document labeled 1 in upper right hand corner
[2] Doc #2
[3] Doc #3

I am concerned that if I do not reveal this information, I might affect my ability to proceed with my case. Further, it is my belief that the Gary firm has acted unprofessionally in my case since it's inception. In addition to not providing me with requested information on my case. I was denied access to information to make reasonable decisions about my case. Also, they attempted to trick the Washington plaintiffs into letting them out of their agreement to represent us. This was based solely on Mr. Gary's ego. If the claims are true that the firm received stolen information from Mr. Jackson, then they also withheld important information that would certainly have led me to firing them even earlier. Lastly, they informed me that our case was joined with the Donaldson case and that they would only have a "second-chair" role in the litigation[4].

This last information led me to believe I would remain a named plaintiff in the joined case. However, after firing the Gary firm, Julie Goldsmith has informed me that the cases are not joined and that I cannot be added as a named plaintiff in their case. So I have no idea where I stand now.

I and the other Washington plaintiffs are victims of the unprofessional behavior of the Gary firm. I hope the actions of the Gary firm will in no way prejudice my case and that I can proceed with my case as class representatives in this action.

Sincerely,

James A. Pipkins

---

[4] Doc #4

4039 145th Ave NE
Bellevue, WA 98007

September 25, 2001

Reference: Rahn Jackson, et al., v. Microsoft Corporation

Gary, Williams, Parenti, et al.
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida 34994

Dear Gary, Williams, Parenti, et al.,

**Subject: Notice of Termination**

I am hereby terminating your representation of me effective immediately. This notice is being given based partially on a threat made to me by Ms. Laura Mall in a phone conversation we had on or about 19 Sep. 2001. I made the call to Ms. Mall to express dissatisfaction with my representation and with the lack of information I was provided by your firm. I wanted to discuss the packed sent to me and dated September 10, 2001 and the information therein.

I terminated the call after the threat and the argumentative stance Ms. Mall took with me. Because of this and other actions detrimental to my case, which I will put forth in another document, I am terminating your representation.

Sincerely,

James A. Pipkins

Jap

4039 145th Ave. NE
Bellevue, WA 98007

July 19, 2001

CERTIFIED MAIL

Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida, 34994

Attention: Laura L. Mall, Esq.

Dear Gary, Williams, Parenti, Finney, Lewis, McManus, Watson & Sperando,

I received a phone message on 11 Jul 2001 asking me to contact Laura Mall. I called her that evening and was informed that my case was being dropped. I was told the reason was that after the venue was changed to Washington, Cohen, Milstein and associates were appointed lead counsel in the class action matter. I was informed that Mr. Gary would not handle a case were he was not the lead.

I asked for a written explanation of this matter. I received a letter on 18 Jul 01 simply informing me your firm is withdrawing as my legal counsel effective immediately. The letter included no reason for your action as I requested.

Prior to signing my contract with your firm, I was assured that should the case be moved to Washington, your firm would still represent me. Ms. C.K. Hoffler also made this statement during a conference call with all the potential class representatives. She made it clear that you firm handled cases around the country and that venue did not matter. She made the statement again at the Seattle meeting with more then 30 potential class members and representatives from Cohen and associates present.

I made my decision participate in this suit and to be a class representative based on your assurances and the confidence you gave me.

Laura Mall told me I am supposed to be deposed at the end of this month, which is less than two weeks from now. This is inadequate time to find and prepare a new representative.

Your action is a breach of contract and unprofessional conduct. There is no ethical justification for your withdrawal from my case. It prejudices my case and places me at a severe disadvantage. Your actions have been in bad faith and I do believe that I have been used as a pawn in your efforts to defend your Washington D.C. clients in this matter. I demand that I be represented as agreed upon and with vigor by Mr. Gary and your firm.

Should you continue in this breach of contract, I will obtain counsel and seek satisfaction in the courts. I will also file a complaint with the State Bar Association for investigation of unprofessional conduct.

I do hope we can resolve this matter without litigation.

- Page 2                                                                October 1, 2001

Sincerely,


James A. Pipkins

# GARY, WILLIAMS, PARENTI, FINNEY, LEWIS, McMANUS, WATSON & SPERANDO

ATTORNEYS AND COUNSELORS AT LAW

WATERSIDE PROFESSIONAL BUILDING
221 E. OSCEOLA STREET
STUART, FLORIDA 34994
(561) 283-8260
FAX NO. (561) 220-3343
1-800-329-4279



W. E. GARY PROFESSIONAL CENTER
320 S. INDIAN RIVER DRIVE
POST OFFICE BOX 3390
FT. PIERCE, FLORIDA 04948-8390
(561) 464-2352
FAX NO. (561) 464-4226
1-800-330-2832

PLEASE REPLY TO:

**STUART**
August 21, 2001
**VIA CERTIFIED MAIL**

James Pipkins
4039-145th Avenue NE
Bellevue, WA 98007

                RE: *Rahn Jackson, et al., v. Microsoft Corporation*

Dear James:

This letter confirms our discussion on Sunday August 12, 2001. As you know, Mr. Gary and I have been immersed in a three-month trial. While we were in trial preparation, Judge Pechman in Washington State appointed Cohen, Milstein, Hausfeld & Toll, L.L.C. and Cochran, Cherry, Givens, Smith & Sistrunk, P.C. as class counsel for the putative class of African Americans and Caucasian women against Microsoft. In addition, your case was transferred to Washington State. Given these developments, Mr. Gary and I felt that it may be in your and the firm's best interest to withdraw as your counsel. However, in light of your response to our withdrawal, we were persuaded not to withdraw as your counsel despite our previous assessment.

Pursuant to our discussion with you earlier this week, we have informed the court that we will remain as your counsel. It is imperative, however, that you understand, that we will be second-chair at best in any litigation proceedings involving the class action. We can make no guarantees as to the outcome of your case of course, but we will certainly do our very best to represent you.

If you have any questions, please feel free to call.

Sincerely yours,

**GARY, WILLIAMS, PARENTI, FINNEY, LEWIS,
McMANUS, WATSON & SPERANDO**

Tricia P. Hoffler, Partner
For the Firm

4039 145th Ave NE
Bellevue, WA 98007
425.881.6449 (telephone)
425.881.3661 (fax)

September 4, 2001

In reply to: Rahn Jackson, et al., v. Microsoft Corporation

Willie Gary
Waterside Professional Building
221 E. Osceola Street
Stuart, Florida 34994

Dear Mr. Gary:

On Monday August 13, 2001, you and Ms. Tricia Hoffler called me to inform me that you would honor your contract and continue to represent me in the matter regarding Microsoft Corporation. I was assured that you would be personally involved as my counsel. You confirmed this in your letter to me dated August 21, 2001.

I am concerned regarding several issues. I have not received any information regarding the status my case since being informed in July that I was to be deposed on July 30, 2001. It was shortly after this that your firm attempted to break our contract. I have not since received any information regarding the deposition.

I have requested several times since January to receive regular updates on the status of my case. I have never received any status reports at all. I have made request for regular reports from Dana Tucker, Tricia Hoffler, and Laura Mall at different times since being represented by your firm. I have no idea what is going on or who is doing what.

This morning, I called to speak with you regarding my case and I was informed that you were not handling my case and that it was being handled by the "Commercial Litigation Department" and that you were not available. I was transferred to an administrative assistant in that department. I asked to speak with Ms. Hoffler and was told she would not be available for several weeks, that she was not handling the case herself and that a member of her staff was handling the case and would give me a call.

It would appear from this exchange that you in fact are not actively doing anything on my behalf and you have pushed my case off on lesser staff as a solution to my complaint about your attempt to withdraw from my case. I would hope such an action would be below a firm of your standing and a man of your reputation.

In the conference call I had with you and Ms. Hoffler on August 13, 20001, you assured me that having finished your current case, you and Ms. Hoffler would now return to active participation in my case. This appears to not be the case.

As your staff will not let me talk with you, I would appreciate if you would call me regarding this matter. I can generally be reached at home prior to 10:00 am PST, or after 7:00 pm PST. Further, I would like a detailed report on what has been done on my case up to this point and who has worked on each item. I would also like regular status reports on at least a monthly basis, in writing, detailing what work was done and who did it. I would also like to know the current status and your plans moving forward.

As I stated in my previous letter, it is my hope (and my legal right) that you will honor our contract and that you will vigorously represent me in my case. I certainly hope the two people I spoke with today were incorrect in stating that you are not handling my case.

At this point, I feel your firm has been treating me in a very unprofessional manner. I am very upset that I cannot even call and expect to speak with you. I am shocked that it has been nearly impossible to get

● Page 2                                                                                        October 1, 2001

status information on my case. And finally, I feel your firm is putting me through nearly as much stress as my previous employer. I shouldn't have to fight the people who are representing me.

Sincerely,


James A. Pipkins

jap
cc: Tricia P. Hoffler